Lawrence **LEIENDECKER**,
et al., Respondents,

v.

**ASIAN WOMEN UNITED
OF MINNESOTA, et
al., Appellants,**

Greenstein, Mabley & Wall, L.L.C.,
et al., Respondents,

Ruvelson & Kautzer, Ltd.,
et al., Respondents,

Maria Gloria Fressia, et al., Appellants,

Susan L. Triplett, Respondent.

Nos. A12–1978, A12–2015.

Supreme Court of Minnesota.

June 25, 2014.

As Modified Sept. 3, 2014.

---

**3.** I join the dissent of Justice Wright and the dissent of Justice Lillehaug.

Thomas H. Gunther, Virnig & Gunther PLLC, Minneapolis, MN, for respondents Lawrence and Sinuon Leiendecker.

Kay Nord Hunt, Phillip A. Cole, Bryan R. Feldhaus, Lommen, Abdo, Cole, King & Stageberg, P.A., Minneapolis, MN, for appellants Asian Women United of Minnesota, Melani Suarez, and Claudia R. Stahl.

Thomas P. Kane, Nadia B. Hasan, Cozen O'Connor, Minneapolis, MN, for respondents Greenstein, Mabley & Wall, L.L.C., and Frank T. Mabley.

Patrick J. Sauter, Bassford Remele, P.A., Minneapolis, MN, for appellants Maria Gloria Fressia, Suzanne M. Cook, Valerie F. Wurster, Kristine M. Arneson, Hong–Ngoc (Ruby) H.N. Nguyen, Naweichi Temu, Regina M. Chu, Saran B. Crayton, Quoc–Bao Doan Do, and Sushila R. Shah.

Raleigh H. Levine, William Mitchell College of Law, Teresa J. Nelson, Ian Bratlie, American Civil Liberties Union of Minnesota, Saint Paul, MN, for amicus curiae American Civil Liberties Union of Minnesota.

OPINION

STRAS, Justice.

For the past 10 years, respondents Sinuon Leiendecker and her husband Lawrence Leiendecker have been embroiled in litigation with appellant Asian Women United of Minnesota ("AWUM"), a nonprofit organization that Sinuon once directed and for which Lawrence, an attorney, once did pro bono work. In this case, the fifth in a series of lawsuits between the parties, the Leiendeckers contend that AWUM and the other defendants committed various torts by suing the Leiendeckers in the past. In response, AWUM sought dismissal under Minnesota's anti-SLAPP statutes, Minn.Stat. §§ 554.01–.05 (2012), which include a procedure for citizens and organizations to seek dismissal of lawsuits that deter them from exercising their right to participate in government. The district court denied AWUM's motion, concluding that the allegations in the Leiendeckers' complaint were sufficient to defeat the motion. The court of appeals affirmed. Because we conclude that the anti-SLAPP statutes required the Leiendeckers to respond to the motion with evidence, rather than rely solely on the allegations in their complaint, we reverse.

I.

The parties in this case have a long-running feud that has resulted in multiple lawsuits. AWUM is a nonprofit organization that operates a shelter for battered women and provides other services for women and children. Sinuon Leiendecker was AWUM's executive director from 1999 to 2004. Lawrence Leiendecker is an attorney who provided pro bono legal services to AWUM.

The relationship between AWUM and the Leiendeckers began to deteriorate in 2003. In late 2003, the Leiendeckers attempted to oust AWUM's board of directors by forming a new board, terminating the old board, and filing a declaratory-judgment action to have the new board declared legitimate. In response, AWUM's old board alleged that it had previously fired Sinuon from her position as AWUM's executive director and that she had received wages and benefits to which she was not entitled.

In that lawsuit—the first between the parties—the district court rejected the Leiendeckers' efforts to install the new board of directors. The district court also

rejected the old board's allegation that it had fired Sinuon, but permitted the old board to proceed on its claims that Sinuon had received wages and benefits to which she was not entitled. The old board then fired Sinuon and sought, unsuccessfully, to add a legal-malpractice claim against Lawrence to the action. After AWUM declined to tender advance indemnification to Sinuon, the district court dismissed the case and awarded approximately $25,000 to Sinuon as reimbursement of her costs and attorney fees.

In the parties' second lawsuit, Sinuon sued AWUM in August 2005 for, among other things, wrongful termination. The district court dismissed the action, but the court of appeals reversed. *Leiendecker v. Asian Women United of Minn.,* 731 N.W.2d 836, 838 (Minn.App.2007). The parties settled the second lawsuit in 2008.

In the parties' third lawsuit, AWUM sued Lawrence in February 2007 for legal malpractice and related claims. Lawrence counterclaimed for indemnification. The district court eventually dismissed AWUM's complaint at AWUM's request, granted summary judgment to Lawrence on his counterclaim for indemnification, and entered judgment for over $41,000 in favor of Lawrence.

In the parties' fourth lawsuit, AWUM sued Sinuon in February 2008 for conversion and related claims, alleging that Sinuon had received wages and other payments to which she was not entitled while she was AWUM's executive director. Sinuon again moved for advance indemnification. The district court initially denied Sinuon's motion, but the court of appeals reversed and remanded. *Asian Women*

*United of Minn. v. Leiendecker,* 789 N.W.2d 688, 689 (Minn.App.2010). On remand, the district court concluded that Sinuon was entitled to indemnification, and then dismissed the lawsuit when AWUM declined to tender advance indemnification to Sinuon. The district court also entered judgment in favor of Sinuon to reimburse her for the costs and attorney fees that she had incurred prior to the dismissal.

In this lawsuit, now the fifth between the parties, the Leiendeckers seek to recover under a host of legal theories for the injuries allegedly inflicted by AWUM and the other defendants through the four previous lawsuits. Their complaint spans 116 pages, includes a total of 11 separately numbered claims,[1] and names 18 defendants (plus some John Does and John Doe entities), including: AWUM; a current and a former executive director of AWUM; certain current and former AWUM board members; and individuals and companies that have provided professional services or expert testimony for AWUM. Because AWUM, its officers, and its board members have filed a joint brief in this court and are advancing the same arguments, we refer to them collectively as "AWUM."

In the district court, AWUM moved for dismissal on a number of grounds, but the only ground relevant to this appeal arises out of Minnesota's anti-SLAPP statutes, Minn.Stat. §§ 554.01–.05 (2012). The anti-SLAPP statutes are directed at "SLAPP suits"—"Strategic Lawsuits Against Public Participation"—which are lawsuits that target the exercise of "[l]awful conduct or speech that is genuinely aimed in whole or in part at procuring favorable government action." Minn.Stat. § 554.03; *see also*

---

1. The claims in the complaint are: (1) malicious prosecution; (2) abuse of process; (3) deceit; (4) constructive fraud; (5) intentional or reckless infliction of emotional distress; (6) civil conspiracy; (7) civil aiding and abetting; (8) negligent infliction of emotional distress; (9) loss of consortium; (10) violation of Minn. Stat. §§ 481.07–.071, 609.17 (2012); and (11) vicarious liability.

*Middle–Snake–Tamarac Rivers Watershed Dist. v. Stengrim,* 784 N.W.2d 834, 839 (Minn.2010). To prevent these types of lawsuits, Minnesota's anti-SLAPP statutes authorize an anti-SLAPP motion, which is a motion to secure dismissal "on the grounds that the claim materially relates to an act of the moving party that involves public participation." Minn.Stat. § 554.02, subd. 1.

The district court dismissed most of the Leiendeckers' claims, but denied AWUM's anti-SLAPP motion with respect to one: a claim for malicious prosecution.[2] Based solely on the allegations in the Leiendeckers' complaint, the district court concluded that, if the allegations in the complaint were true, a jury could find by clear and convincing evidence that AWUM had committed the tort of malicious prosecution. The court of appeals affirmed. *Leiendecker v. Asian Women United of Minn.,* 834 N.W.2d 741 (Minn.App.2013). We granted AWUM's petition for review on a single question: whether the district court properly denied AWUM's anti-SLAPP motion even though the Leiendeckers "produce[d] no evidence in response but rel[ied] solely on the allegations of their complaint."

## II.

Minnesota's anti-SLAPP statutes, Minn.Stat. §§ 554.01–.05, were enacted in 1994 to "protect[ ] citizens and organizations from civil lawsuits for exercising their rights of public participation in government." Act of May 5, 1994, ch. 566, 1994 Minn. Laws 895, 895. Typically, anti-SLAPP statutes protect the exercise of two types of public-participation rights: the right to free speech and the right to petition the government. *See, e.g., Equilon Enters., LLC v. Consumer Cause, Inc.,* 29 Cal.4th 53, 124 Cal.Rptr.2d 507, 52 P.3d 685, 693 (2002); *Denton v. Browns Mill Dev. Co.,* 275 Ga. 2, 561 S.E.2d 431, 433 (2002). These rights are threatened by SLAPP suits, which are generally filed in order "to use litigation to intimidate opponents' exercise of rights of petitioning and speech," even when, as is often the case, the party filing the suit does not care whether it actually prevails. *Duracraft Corp. v. Holmes Prods. Corp.,* 427 Mass. 156, 691 N.E.2d 935, 940 (1998).

To deter vexatious litigation and protect participation rights in government, Minnesota's anti-SLAPP statutes include both a grant of immunity and various procedural provisions. The grant of immunity is found in Minn.Stat. § 554.03, which provides that "[l]awful conduct or speech that is genuinely aimed in whole or in part at procuring favorable government action is immune from liability, unless the conduct or speech constitutes a tort or a violation of a person's constitutional rights."

The procedural provisions of the anti-SLAPP statutes, Minn.Stat. § 554.02, are more complex and set out "a unique proce-

---

**2.** The district court also did not dismiss the claims labeled "civil conspiracy," "civil aiding and abetting," and "vicarious liability," but none of those claims are independently actionable. *See Wolfson v. N. States Mgmt. Co.,* 210 Minn. 504, 508, 299 N.W. 676, 678 (1941) ("The mere fact of a combination or conspiracy is not in itself a sufficient basis of liability."); *Witzman v. Lehrman, Lehrman & Flom,* 601 N.W.2d 179, 187 (Minn.1999) (identifying the elements of a "claim for aiding and abetting the tortious conduct of another"). Rather, each is a theory of liability

under which a plaintiff can establish that a defendant is vicariously liable for some tortious act committed by another. *See Halberstam v. Welch,* 705 F.2d 472, 479 (D.C.Cir. 1983) (noting that some "underlying tortious act" is required for civil conspiracy and aiding and abetting); *State ex rel. Mays v. Ridenhour,* 248 Kan. 919, 811 P.2d 1220, 1226 (1991) (noting that civil conspiracy and aiding and abetting are forms of vicarious liability based on concerted action). The only remaining independently actionable claim, therefore, is the one for malicious prosecution.

dural framework." *Stengrim*, 784 N.W.2d at 839. The procedural framework places the "the burden of proof, of going forward with the evidence, and of persuasion on [an anti-SLAPP] motion" on the party responding to the motion—here, the Leiendeckers—rather than the party moving for dismissal—here, AWUM. Minn.Stat. § 554.02, subd. 2(2).

■ The anti-SLAPP statutes also *require* the district court to "grant the [anti-SLAPP] motion and dismiss the judicial claim unless the court finds that the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from liability under section 554.03." *Id.*, subd. 2(3). Even though the responding party bears the burden to "produce[ ] clear and convincing evidence" to defeat an anti-SLAPP motion, discovery is restricted: a district court must suspend discovery once an anti-SLAPP motion is filed unless the responding party can show "good cause" for "specified and limited discovery." *Id.*, subd. 2(1). Thus, the procedural provisions of the anti-SLAPP statutes apply a unique burden-shifting framework, *see Stengrim*, 784 N.W.2d at 841, and, by restricting discovery, limit the responding party's ability to meet its burden.

As we have stated, the first step in evaluating an anti-SLAPP motion is to determine whether the party seeking dismissal under the anti-SLAPP statutes has made "a threshold showing that the underlying 'claim materially relates to an act of the moving party that involves public participation.'" *Id.* (quoting Minn.Stat. § 554.02, subd. 1). In this case, we did not grant review on the question of whether AWUM has made a threshold showing under the anti-SLAPP statutes, so, like the court of appeals, *Leiendecker*, 834 N.W.2d at 749, we assume, but do not decide, that AWUM has done so.

Once the moving party has made its threshold showing, the second step is to determine whether the party responding to the motion has produced clear and convincing evidence that the moving party is not entitled to immunity. Minn.Stat. § 554.02, subd. 2(3). The responding party can do so by establishing that the moving party's conduct or speech was not aimed in whole or in part at procuring favorable government action, that the conduct or speech constituted a tort, or that the conduct or speech violated another's constitutional rights. Minn.Stat. § 554.03. The question presented by this case is whether the "clear and convincing evidence" requirement in Minn.Stat. § 554.02, subd. 2(3), can be satisfied through reliance on the allegations in a complaint, or whether actual evidence is required.

■ The question presented is one of statutory interpretation and is subject to de novo review. *See In re Welfare of J.B.*, 782 N.W.2d 535, 539 (Minn.2010). If a statute is unambiguous, we apply the statute's plain language. *Id.* Two statutory provisions are relevant to the question of whether a responding party must produce evidence to defeat an anti-SLAPP motion. The first is Minn.Stat. § 554.02, subd. 2(2), which places "the burden of proof, of going forward with the *evidence,* and of persuasion on the [anti-SLAPP] motion" on the responding party. (Emphasis added). A burden of going forward with the evidence is another way to refer to a burden of production: "the obligation of a party to come forward with sufficient evidence to support its claim or the relief requested." *Braylock v. Jesson*, 819 N.W.2d 585, 590 (Minn.2012). A party cannot satisfy a "burden ... of going forward with the evidence" without actually producing some evidence. *See, e.g., Aguilar v. Atl. Richfield Co.*, 25 Cal.4th 826, 107 Cal.Rptr.2d 841, 24 P.3d 493, 510 (2001) ("A burden of

production entails only the presentation of 'evidence.' ").

■ The second provision, Minn.Stat. § 554.02, subd. 2(3), removes any remaining doubt about whether the party responding to an anti-SLAPP motion must produce evidence. That provision requires the district court to dismiss the challenged claim "unless the court finds that the responding party has *produced clear and convincing evidence* that the acts of the moving party are not immunized from liability under section 554.03." Minn.Stat. § 554.02, subd. 2(3) (emphasis added). Two aspects of the statute unambiguously require a party responding to an anti-SLAPP motion to produce evidence. One is the use of the term "produce[ ]," which means "[t]o bring forth" or "exhibit." *The American Heritage Dictionary of the English Language* 1406 (5th ed.2011). The other is what the statute requires the responding party to produce: clear and convincing evidence. "Evidence" is the "means by which an allegation may be proven, such as oral testimony, documents, or physical objects," *id.* at 616, so it follows that allegations, standing alone, are not "evidence." Indeed, courts have long held that mere allegations in a complaint are not evidence. *See Nisenbaum v. Milwaukee Cnty.,* 333 F.3d 804, 810 (7th Cir.2003); *Lundgren v. Freeman,* 307 F.2d 104, 118 (9th Cir.1962). Accordingly, because the anti-SLAPP statutes require the Leiendeckers to "produce[ ] ... evidence" and to "go[ ] forward with the evidence" in response to AWUM's anti-SLAPP motion, we conclude that the district court erred when it held that the allegations in the Leiendeckers' complaint were sufficient to defeat the motion.

In reaching a contrary conclusion, the court of appeals relied on two cases, *Marchant Inv. & Mgmt. Co. v. St. Anthony W. Neighborhood Org., Inc.,* 694 N.W.2d 92

(Minn.App.2005), and *Nexus v. Swift,* 785 N.W.2d 771 (Minn.App.2010), but neither correctly interprets the anti-SLAPP statutes. In *Marchant,* the court of appeals upheld the district court's grant of an anti-SLAPP motion that the defendant had apparently characterized, in the district court, as a motion for judgment on the pleadings under Minn. R. Civ. P. 12.03. 694 N.W.2d at 94–95. Without analyzing the differences between a Rule 12.03 motion and an anti-SLAPP motion brought under Minn.Stat. § 554.02, and without explaining how a statutory requirement to produce evidence can be satisfied without evidence, the court of appeals declared that, "[b]ecause this is an appeal from judgment on the pleadings, our consideration focuses on the pleadings' allegations." *Id.* at 95.

In *Nexus,* the court of appeals interpreted *Marchant* as establishing a definitive rule, despite the absence of any analysis in *Marchant* to support the application of a judgment-on-the-pleadings standard to an anti-SLAPP motion. In fact, *Nexus* construed *Marchant* as establishing that "a motion to dismiss for failure to state a claim that asserts immunity under the anti-SLAPP statute remains based on the judgment-on-the-pleadings standard." *Nexus,* 785 N.W.2d at 781. *Nexus* then declared that, if a party brings a motion for summary judgment asserting anti-SLAPP immunity, the responding party is only "required to produce clear and convincing evidence in light of the Rule 56 standard for granting summary judgment." *Id.* at 782 (emphasis omitted). Summing up its conclusions with respect to anti-SLAPP motions, *Nexus* said:

> Regardless of whether a motion to dismiss asserting immunity under Minn. Stat. § 554.03 is made at the stage of litigation when judgment on the pleadings may be appropriate or when sum-

mary judgment may be appropriate, ultimate determinations of fact are *not* required by the clear-and-convincing standard set forth in Minn.Stat. § 554.02, subd. 2(3). These standards require that reasonable inferences be drawn in favor of the nonmoving party, which is unchanged by the anti-SLAPP statute. The test is merely whether, in light of those inferences and the view of evidence mandated by the standard for granting judgment on the pleadings or summary judgment, the plaintiff has shown that the defendant's speech or conduct was tortious or otherwise unlawful.

*Id.* (emphasis added).

*Marchant* was incorrectly decided because a judgment-on-the-pleadings standard is inconsistent with the requirement in Minn.Stat. § 554.02, subd. 2(2), that, "[o]n the filing of any [anti-SLAPP motion,] . . . the responding party has the burden of proof, of going forward with the evidence, and of persuasion on the motion." As stated above, an anti-SLAPP motion requires the responding party to produce evidence to satisfy the burden of going forward with the evidence, and a judgment-on-the-pleadings standard, which does not permit consideration of evidence, is at odds with the statute.

Aside from repeating the erroneous declaration from *Marchant* that a judgment-on-the-pleadings standard applies to certain anti-SLAPP motions, the remaining analysis in *Nexus* is incorrect for another reason. While *Nexus* suggests that the summary-judgment standard should apply to some anti-SLAPP motions, the summary-judgment standard and the statutory framework for evaluating an anti-SLAPP motion are mutually inconsistent.

For summary judgment motions, a court evaluates the evidence to determine whether there are any genuine issues of material fact and whether either of the parties is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. An anti-SLAPP motion, by contrast, requires the court to make a finding about whether "the responding party has produced clear and convincing evidence that the acts of the moving party" are not immune. Minn. Stat. § 554.02, subd. 2(3). However, according to the immediately preceding provision, Minn. Stat § 554.02, subd. 2(2), the responding party carries three distinct burdens "on the motion": the burden of proof, the burden of production, and the burden of persuasion. The burden of persuasion, in particular, describes the "obligation to persuade the trier of fact of the truth of a proposition." *Braylock*, 819 N.W.2d at 590; *see also Black's Law Dictionary* 236 (10th ed.2014) (defining "burden of persuasion" as "[a] party's duty to convince the fact-finder to view the facts in a way that favors that party"). Reading subdivisions 2(2) and 2(3) together, the responding party bears the burden to persuade the trier of fact—here, the district court—of the truth of a proposition—here, that the acts of the moving party are not immune—and if it does not do so, then the court *must* "grant the motion and dismiss the judicial claim," Minn.Stat. § 554.02, subd. 2(3). Under the anti-SLAPP statutes, therefore, the court is *required* to dismiss the claim, even in the face of genuine issues of material fact, if the responding party has failed to carry its burden of persuasion that the moving party is not immune by clear and convincing evidence. Under a summary-judgment standard, by contrast, genuine issues of material fact *preclude* summary judgment. Thus, the two standards, which operate differently when genuine issues of material fact exist, are incompatible with one another.

Despite misinterpreting the anti-SLAPP statutes, *Nexus* identified a potential legal

issue implicated by the unique procedural framework of the anti-SLAPP statutes. In *Nexus,* the party responding to the anti-SLAPP motion argued that requiring the district court to make findings on an anti-SLAPP motion violated Article I, Section 4 of the Minnesota Constitution, which preserves the right to a jury trial for civil litigants in all cases arising at law. *See Nexus,* 785 N.W.2d at 780–82 (addressing the right to a jury trial in the context of an anti-SLAPP motion); *see also Leiendecker,* 834 N.W.2d at 751 n. 2 (noting that, if the court of appeals were to change its interpretation of the anti-SLAPP statutes from *Marchant* and *Nexus,* the statutes would infringe on the "constitutional right to a jury trial"). The court of appeals rejected the jury-trial claim advanced in *Nexus* because it held that the district court was required to evaluate the anti-SLAPP motion under a judgment-on-the-pleadings standard, which does not involve weighing the evidence and making findings of fact on the merits of Nexus's tort claim. *See Nexus,* 785 N.W.2d at 781–82. As the court of appeals recognized, the constitutional right to a jury trial under Article I, Section 4 would *potentially* be implicated only if the anti-SLAPP statutes required the court to "determine at the outset whether [the moving party's] statements were defamatory." *Id.* at 781.

In this case, the Leiendeckers assert a variant of the jury-trial claim presented in *Nexus* by advancing a constitutional-avoidance argument. Before addressing the Leiendeckers' argument, however, it is important to first note what the Leiendeckers do not argue. The Leiendeckers disclaim any argument that the anti-SLAPP statutes *actually* violate their jury-trial right. Neither AWUM's petition for review nor the Leiendeckers' request for cross review raised such a claim, and we did not grant review to determine the constitutionality of the anti-SLAPP statutes.

*See, e.g., State v. Koppi,* 798 N.W.2d 358, 366 (Minn.2011) (stating that we generally do not address legal issues that have been omitted from the petition for review). For these reasons, we decline to address the constitutionality of the anti-SLAPP statutes in light of Article I, Section 4 of the Minnesota Constitution, and accordingly express no opinion on the subject.

Instead, the Leiendeckers present a narrower argument—constitutional avoidance—in which they assert that interpreting the anti-SLAPP statutes to require them to produce evidence and to require the district court to make factual findings on their malicious-prosecution claim *would* violate Article I, Section 4 of the Minnesota Constitution. For support, they rely on the savings clause of the anti-SLAPP statutes, which says that nothing in the anti-SLAPP statutes "limits or precludes any rights the moving party or responding party may have under any other constitutional, statutory, case, or common law, or rule." Minn.Stat. § 554.05. According to the Leiendeckers, because the savings clause preserves a party's constitutional rights, we must interpret the anti-SLAPP statutes in a manner that does not violate their constitutional right to a jury trial.

The constitutional-avoidance canon provides a "presumption ... that a statute is constitutional, and we are required to place a construction on the statute that will find it so *if at all possible.*" *Kline v. Berg Drywall Inc.,* 685 N.W.2d 12, 23 (Minn.2004) (emphasis added) (citing *In re Cold Spring Granite Co.,* 271 Minn. 460, 467, 136 N.W.2d 782, 787 (1965)). In this case, it is not "possible" to adopt a construction of the anti-SLAPP statutes that relieves those responding to an anti-SLAPP motion of the burden to produce evidence. As described above, the anti-SLAPP statutes unambiguously require

the responding party to produce evidence and the district court to make a finding on whether "the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from liability under section 554.03." Minn.Stat. § 554.02, subd. 2(3). It is neither reasonable nor "possible" to adopt any other construction of the statute.

The savings clause does not change our conclusion. The savings clause appears to indicate that other constitutional, statutory, and common-law rules still apply to SLAPP suits. *See* Minn.Stat. § 554.05 ("Nothing in this chapter limits or precludes any rights the moving party or responding party may have under any other *constitutional, statutory, case, or common law, or rule.*" (emphasis added)). Thus, for example, if a litigant were to claim that the anti-SLAPP statutes abolished some common-law rule or cause of action, the argument in response would be that the savings clause explicitly preserves existing common-law rules. To the extent that the Leiendeckers assert that the savings clause also provides some type of super constitutional-avoidance canon that requires us to interpret the anti-SLAPP statutes in a manner that is inconsistent with the statutes' plain and unambiguous text, their reading is incorrect. The savings clause says nothing about the constitutional-avoidance canon, appears to apply to an entirely different set of circumstances than those presented here, and thus provides no help to the Leiendeckers in this case.

Accordingly, we conclude that the anti-SLAPP statutes require the responding party to produce evidence to defeat an anti-SLAPP motion and that, in evaluating such a motion, the district court must make a finding regarding whether the responding party has met its burden to show by clear and convincing evidence that the acts of the moving party are not immune.[3]

### III.

For the foregoing reasons, we reverse the decision of the court of appeals and remand this case to the court of appeals for further proceedings consistent with this opinion.

Reversed and remanded.

DIETZEN, J., took no part in the consideration or decision of this case.

---

**3.** We deny the motion of Frank T. Mabley and his law firm, Greenstein, Mabley & Wall, L.L.C., (collectively "Mabley") to file a brief in this court and we grant the Leiendeckers' motion to strike Mabley's brief because, although Mabley represented AWUM against the Leiendeckers in several lawsuits, he is not a party to the proceedings before this court. The Leiendeckers are also entitled to any at-torney fees and costs that they incurred in responding to Mabley's brief in accordance with Minn. R. Civ.App. P. 139.06 so long as they file and serve documentation to support their request within 15 days after this opinion is filed. Mabley's response, if any, to the Leiendeckers' request must be filed and served in accordance with the requirements of Minn. R. Civ.App. P. 139.06, subd. 2.