*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A12-1978
A12-2015**

Lawrence Leiendecker, et al.,
Respondents/Cross-Appellants,

vs.

Asian Women United of Minnesota, et al.,
Appellants/Cross-Respondents (A12-1978),

Greenstein, Mabley & Wall, L.L.C., et al.,
Cross-Respondents,

Ruvelson & Kautzer, Ltd., et al.,
Cross-Respondents,

Maria Gloria Fressia, et al.,
Appellants/Cross-Respondents (A12-2015),

Susan L. Triplett,
Cross-Respondent.

**Filed December 15, 2014
Affirmed in part and remanded
Connolly, Judge**

Hennepin County District Court
File No. 27-CV-12-7021

Thomas Gunther, Virnig & Gunther, PLLC, Minneapolis, Minnesota (for respondents/cross-appellants Lawrence and Sinuon Leiendecker)

Kay Nord Hunt, Phillip A. Cole, Bryan R. Feldhaus, Lommen, Abdo, Cole, King & Stageberg, P.A., Minneapolis, Minnesota (for appellants/cross-respondents Asian Women United of Minnesota, Melani Suarez, and Claudia R. Stahl)

Thomas P. Kane, Nadia B. Hasan, Cozen O'Connor, Minneapolis, Minnesota (for cross-respondents Greenstein, Mabley & Wall, L.L.C. and Frank T. Mabley)

Bryon G. Ascheman, Corinne Ivanca, Burke & Thomas, PLLP, Arden Hills, Minnesota (for cross-respondents Ruvelson & Kautzer, Ltd. and Edward F. Kautzer)

Patrick J. Sauter, Rachel B. Peterson, Bassford Remele, P.A., Minneapolis, Minnesota (for appellants/cross-respondents Maria Gloria Fressia, Suzanne M. Cook, Valerie F. Wurster, Kristine M. Arneson, Hong-Ngoc (Ruby) H.N. Nguyen, Naweichi Temu, Regina M. Chu, Saran B. Crayton, Quoc-Bao Doan Do, and Sushila R. Shah)

Louise A. Behrendt, Stich, Angell, Kreidler, Dodge & Unke, P.A., Minneapolis, Minnesota; and

Georgeanna M. H. Ihrke, Eden Prairie, Minnesota (for cross-respondent Susan Triplett)

Considered and decided by Connolly, Presiding Judge; Ross, Judge; and Stauber, Judge.

## UNPUBLISHED OPINION

**CONNOLLY**, Judge

On remand from the Minnesota Supreme Court, this court was directed to address whether Asian Women United of Minnesota, et al. (AWUM) made a threshold showing that the claims asserted against them by the Leiendeckers materially relate to acts involving public participation under the anti-SLAPP statute. Because we hold that AWUM has made such a threshold showing, we affirm that portion of the district court's order, but remand so that the district court can now apply the standard articulated by the supreme court to determine whether the Leiendeckers have met their burden to show by clear-and-convincing evidence that the acts of AWUM are not immune under the statute.

2

**FACTS**

The facts in this case are stated in *Leiendecker v. Asian Women United of Minn.*, 848 N.W.2d 224, 226-28 (Minn. 2014). On direct appeal to this court, AWUM argued that the district court misapplied the anti-SLAPP statute by ruling that the allegations in the Leiendeckers' complaint established by clear-and-convincing evidence that the lawsuits were tortious and therefore not immune under the statute. The Leiendeckers contended by notice of related appeal that the district court erred by ruling that AWUM made a threshold showing that its claims of legal malpractice and conversion against the Leiendeckers materially relate to acts involving public participation under the anti-SLAPP statute.

In our June 2013 opinion, we affirmed the district court's denial of AWUM's anti-SLAPP motion by holding that the Leiendeckers did not need to produce evidence to meet the clear-and-convincing-evidence standard under Minn. Stat. § 554.02, subd. 2(3) (2012), to show that the lawsuits are not immunized from liability under section 554.03 (2012). *See Leiendecker v. Asian Women United of Minn.*, 834 N.W.2d 741, 751 (Minn. App. 2013), *rev'd*, 848 N.W.2d 224 (Minn. 2014). We explained that the clear-and-convincing-evidence requirement could be satisfied through allegations in the complaint. *Id.* This court did not address whether AWUM made a threshold showing that AWUM's claims of legal malpractice and conversion materially relate to acts by AWUM involving public participation under Minn. Stat. § 554.02, subd. 1 (2012). *Id.* at 749.

The supreme court granted AWUM's petition for review on the question of "whether the district court properly denied [their] anti-SLAPP motion even though the

Leiendeckers produced no evidence in response [to the motion to dismiss] but relied solely on the allegations of their complaint." *Leiendecker*, 848 N.W.2d at 228 (quotation omitted). The supreme court reversed this court's decision, holding that

> the anti-SLAPP statutes require the responding party to produce evidence to defeat an anti-SLAPP motion and that, in evaluating such a motion, the district court must make a finding regarding whether the responding party has met its burden to show by clear and convincing evidence that the acts of the moving party are not immune.

*Id.* at 233. The supreme court remanded the case to this court to determine whether the district court erred by ruling that AWUM's claims of legal malpractice and conversion against the Leiendeckers materially relate to acts by AWUM that involved public participation under the anti-SLAPP statutes. *Leiendecker v. Asian Women United of Minn.*, No. A12-1978, 2014 WL 4437308, at *1 n.1 (Minn. Sept. 3, 2014). This court's "duty on remand is to execute the mandate of the remanding court strictly according to its terms." *Bauerly v. Bauerly*, 765 N.W.2d 108, 110 (Minn. App. 2009) (quotation omitted).

## D E C I S I O N

The Leiendeckers argue that the district court erred by ruling that AWUM made a threshold showing under Minnesota's anti-SLAPP statute that AWUM's claims of legal malpractice and conversion materially relate to acts by AWUM involving public participation. We disagree.

We review de novo a district court's grant of a motion to dismiss under the anti-SLAPP statute. *See Middle-Snake-Tamarac Rivers Watershed Dist. v. Stengrim*, 784

4

N.W.2d 834, 840-41 (Minn. 2010). "If a statute, construed according to ordinary rules of grammar, is unambiguous, a court may engage in no further statutory construction and must apply its plain meaning." *Nexus v. Swift*, 785 N.W.2d 771, 786 (Minn. App. 2010), *abrogated by Leiendecker*, 848 N.W.2d 224.

The anti-SLAPP statute states: "Lawful conduct or speech that is genuinely aimed in whole or in part at procuring favorable government action is immune from liability, unless the conduct or speech constitutes a tort or a violation of a person's constitutional rights." Minn. Stat. § 554.03. It applies "to any motion in a judicial proceeding to dispose of a judicial claim on the grounds that the claim materially relates to an act of the moving party that involves public participation." Minn. Stat. § 554.02, subd. 1. "Public participation" is defined as "speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action." Minn. Stat. § 554.01, subd. 6 (2012).

We must therefore determine whether AWUM made "a threshold showing that the underlying 'claim materially relates to an act of the moving party that involves public participation'" under the anti-SLAPP statute. *Stengrim*, 784 N.W.2d at 841 (quoting Minn. Stat. § 554.02, subd. 1). "[W]hether a communication is entitled to immunity under section 554.03 depends on the nature of the statement, the purpose of the statement, and the intended audience." *Freeman v. Swift*, 776 N.W.2d 485, 490 (Minn. App. 2009), *review denied* (Minn. Mar. 16, 2010). Where the statement has "no connection with [a] public project and controversy," no immunity exists. *See id.*

Here, the district court determined that AWUM met its minimal threshold burden because the Leiendeckers' claim of malicious prosecution "materially relate[s] to the

5

lawsuits filed by [AWUM]," and AWUM "made a threshold showing that those lawsuits were filed lawfully and were genuinely aimed in whole or in part at procuring favorable government (judicial) action (that is, a court order providing their requested relief)." The Leiendeckers challenge this determination in two ways.

First, they argue that the district court erred by ruling that AWUM met its threshold burden because AWUM failed to specifically address whether AWUM's legal-malpractice and conversion claims involved public participation in its anti-SLAPP motion to the district court. The Leiendeckers contend that AWUM improperly shifted the entire burden to them. The Minnesota Supreme Court has cautioned that "the mere filing by a defendant or moving party of a motion under the anti-SLAPP statute does not automatically place the burden of persuasion on the plaintiff or non-moving party to prove by clear and convincing evidence that the defendant is not immune from liability under Minn. Stat. § 554.03." *Stengrim*, 784 N.W.2d at 841. And "it is insufficient for [a moving party] to simply assert that public participation is involved." *Id.*

But the Leiendeckers do not cite any authority to support their argument that a moving party's failure to make an express showing that the actions materially relate to public participation is fatal to an anti-SLAPP motion. The Minnesota Supreme Court has stressed that the moving party's initial burden to show public participation is "minimal." *See id.* Contrary to the Leiendeckers' assertions, Minnesota's anti-SLAPP statute merely states that it "applies to any motion in a judicial proceeding to dispose of a judicial claim on the grounds that the claim materially relates to an act of the moving party that involves public participation." Minn. Stat. § 554.02, subd. 1. Because the district court made a

6

determination that AWUM's previous legal malpractice and conversion lawsuits, which were described in its anti-SLAPP motion, involved public participation by way of the judicial branch, the Leiendeckers' argument on this point is misplaced.

The Leiendeckers next argue that the district court's determination was incorrect because AWUM "failed to meet [its] threshold burden of showing that the complained of conduct was lawful and genuinely aimed at procuring favorable government action." The Leiendeckers do not dispute that their current malicious-prosecution lawsuit against AWUM "materially relates" to AWUM's previous legal-malpractice and conversion lawsuits against them. Rather, they argue that AWUM's previous legal-malpractice and conversion lawsuits did not constitute public participation because such lawsuits were not "lawful" or "genuinely" pursued.

This court has held that the anti-SLAPP statute's definition of "public participation" is "unambiguous and can be construed based solely on the plain language used in the statute." *Swift*, 776 N.W.2d at 489. Black's Law Dictionary defines "lawful," in relevant part, as "[n]ot contrary to law; permitted by law," and defines "genuine," in relevant part, as "authentic or real; having the quality of what a given thing purports to be or to have." *Black's Law Dictionary*, 755, 965 (9th ed. 2009).

In applying the plain meaning of the terms "lawful" and "genuine," we hold that the district court did not err in determining that AWUM's previous legal-malpractice and conversion lawsuits constituted "lawful conduct" that was "genuinely aimed in whole or in part at procuring favorable government action." *See* Minn. Stat. § 554.01, subd. 6. While the Leiendeckers claim that AWUM maliciously prosecuted the conversion and

7

legal-malpractice actions against them, AWUM's conduct in bringing the two actions was not contrary to law or prohibited by law. In addition, despite the Leiendeckers' allegations that AWUM improperly filed the two previous lawsuits, nothing in the record shows that AWUM was not genuinely seeking favorable judicial decisions in both lawsuits.

Moreover, "[anti-]SLAPP suits generally come in the form of tort claims, such as defamation, interference with contract, abuse of process and malicious prosecution, among others." *Stengrim*, 784 N.W.2d at 838 n.3. As AWUM points out, nothing indicates that the legislature intended for the moving party to first establish that no merit exists to the responding party's claims in order to invoke the anti-SLAPP statute. We therefore hold that the district court did not err in determining that the Leiendeckers' claims "materially relate" to "lawful conduct [by AWUM] that is genuinely aimed in whole or in part at procuring favorable government action," *see* Minn. Stat. §§ 554.01, subd. 6, .02, subd. 1, and remand to the district court for further proceedings consistent with this opinion and the supreme court's opinion in *Leiendecker*, 848 N.W.2d 224.

**Affirmed in part and remanded.**