*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0011**

Jay T. Nygard,
Appellant,

vs.

Patrick Walsh, et al.,
Respondents

**Filed December 22, 2014
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-13-7049

Jay T. Nygard, Orono, Minnesota (pro se appellant)

Robert H. Tennant, Stringer & Rohleder, Ltd., St. Paul, Minnesota (for respondents)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and
Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant challenges the district court's dismissal of his tort claims against
respondents, arguing that the district court erroneously ruled that the statute prohibiting
strategic lawsuits against public participation, Minn. Stat. §§ 554.01-.05 (2012) (anti-
SLAPP statute), immunized respondents from his claims. We affirm.

# FACTS

Pro se appellant Jay Nygard has a history of confrontational interactions with his neighbors. On August 1, 2011, respondents Patrick and Nancy Walsh sent a letter to the City of Orono and the Orono Police Department that includes negative references to past interactions with appellant. The letter refers to specific instances of appellant's conduct, including "yelling obscenities at us, damaging our property, filing false police reports or challenging our presence in our own yard," and describes appellant as "belligerent, combative," having an "anger issue," and exhibiting harassing behavior. The letter twice mentions that respondents fear for their safety.

In response to respondents' letter, appellant sued them for defamation, defamation per se, and negligence. Respondents moved to dismiss, relying on the anti-SLAPP statute, which protects lawful speech from public liability when the speech constitutes "public participation" and when the opponent of the statute's application cannot meet the burden to provide clear and convincing evidence that the speech constitutes a tort. Minn. Stat. §§ 554.02, subd. 3; .04, subd. 2.

The district court granted respondents' motion. The district court analyzed the two prongs required for application of the anti-SLAPP statute: (1) whether respondents "met the minimal burden of making a threshold showing that their speech constituted public participation," and concluded that they met this threshold; and (2) whether appellant met his burden to produce clear and convincing evidence that the speech constituted a tort, and concluded that he did not. Regarding the second prong, the district court concluded that "most of the statements contained in [respondents'] letter are not

2

properly subject to determinations of truth or falsity and cannot serve as the basis for a claim of defamation," and that "even applying the generous Rule 12 standard of taking all statements in [appellant's] complaint . . . as true and drawing all inferences in his favor, [appellant] has not satisfied his heavy burden of showing clearly and convincingly that [respondents'] letter constitutes defamation." Appellant then brought this appeal.[1]

This court granted appellant's motion to stay the appeal pending final disposition of *Leiendecker v. Asian Women United of Minnesota*, *et al.*, 848 N.W.2d 224, *as modified by* 855 N.W.2d 233 (Minn. 2014). Following final disposition of *Leiendecker*, this court dissolved the stay and set the matter for a nonoral conference.

## D E C I S I O N

Appellate courts review matters of statutory interpretation de novo and must apply the plain language of a statute as written. *Axelberg v. Comm'r of Pub. Safety*, 848 N.W.2d 206, 207 (Minn. 2014).

In *Leiendecker,* the supreme court explained the "unique burden-shifting framework" that applies to the parties in anti-SLAPP cases. 848 N.W.2d at 229. The anti-SLAPP statute provides that a party who is sued may move for dismissal of a claim

---

[1] During the pendency of this appeal, this court released *Nygard v. Walsh*, No. A13-1103, 2014 WL 349761 (Minn. App. Feb. 3, 2014), *review denied* (Minn. Sept. 24, 2014), in which this court applied the anti-SLAPP statute to dismiss appellant's identical tort claims against another of his neighbors who had spoken at an Orono City Council meeting and "cited alleged difficulties the neighborhood was having with [appellant] . . . and asked for a more responsive police force." *Id.* at *1. This court ruled that the anti-SLAPP statute applied to the neighbor's speech because "the record show[ed] that [the neighbor's] statements were genuinely aimed at procuring favorable government action—obtaining a more vigorous response from police and city officials concerning a disruptive neighbor," *Id.* at *3, and that appellant failed to produce sufficient evidence to meet the clear-and-convincing-evidence standard to support his tort claims. *Id.* at *4-7.

3

in reliance on the statute's immunity provisions by making "a threshold showing that the underlying 'claim materially relates to an act of the moving party that involves public participation.'" *Id.* (quoting Minn. Stat. § 554.02, subd. 1; other quotation omitted). In response, the nonmovant, or responding party, bears the burden of proof, and the district court must grant the motion to dismiss unless it "'finds that the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from liability under section 554.03.'" *Id.* at 230 (emphasis omitted) (quoting Minn. Stat. § 554.02, subd. 2(3)). Notably, "the [district] court is *required* to dismiss the claim, even in the face of genuine issues of material fact, if the responding party has failed to carry its burden of persuasion that the moving party is not immune by clear and convincing evidence." *Id.* at 231 (emphasis in original). The responding party can meet this requirement by "establishing that the moving party's conduct or speech was not aimed in whole or in part at procuring favorable government action, that the conduct or speech constituted a tort, or that the conduct or speech violated another's constitutional rights." *Id.* at 229 (citing Minn. Stat. § 554.03).[2] On a motion to dismiss in reliance on the anti-SLAPP statute, "the responding party carries three distinct burdens[:] . . . the burden of proof, the burden of production, and the burden of persuasion." *Id.* at 231 (citing Minn. Stat. § 544.02, subd. 2(2)).

We agree with the district court that appellant has not offered sufficient evidence to satisfy the clear-and-convincing standard of proof required to defeat application of the

---

[2] Appellant does not argue that respondent's speech or conduct violated his constitutional rights.

anti-SLAPP statute to his claims. The letter that respondents sent can only be read as an attempt to procure favorable government action. The letter is addressed to the City of Orono and the Orono Police Department, and the clear import of the letter is to call on those entities to take action against appellant. The first and last lines of the letter state that respondents have safety concerns regarding appellant's conduct and behavior. The City of Orono and the Orono Police Department are the proper parties to receive such complaints about neighbors from Orono residents.

As the responding party to the motion to dismiss on anti-SLAPP grounds, appellant has not met his burden to establish by clear and convincing evidence that the letter was tortious. Each of the torts alleged by appellant includes elements that appellant has failed to establish by clear and convincing evidence: a cause of action for defamation requires a false statement, and a cause of action for negligence requires a duty owed to another. *See Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011) ("Generally a defendant's duty to a plaintiff is a threshold question because in the absence of a legal duty, the negligence claim fails."); *Hunter v. Hartman*, 545 N.W.2d 699, 705, 709 (Minn. App. 1996) (describing a defamation claim as actionable only if the defamatory statements were not "supportable interpretations of the situation being described" and noting that in certain factual contexts non-defamatory statements are expected to include "highly subjective opinions" rather than "assertions of verifiable, objective facts"). We therefore affirm the district court's dismissal of appellant's action.

**Affirmed.**

5