*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1091**

Willie J. Bridgeforth, III,
Appellant,
Susan J. Swanson,
Plaintiff,

vs.

Smith Strum Investment Co. d/b/a Winnetka Village Apartments,
Respondent.

**Filed February 29, 2016
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27CV152724

Willie J. Bridgeforth, III, Crystal, Minnesota (pro se appellant)

Jeffrey A. Magnus, Law Offices of Jeffrey A. Magnus, Bloomington, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Halbrooks, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

Appellant challenges the district court's grant of summary judgment dismissing appellant's claims of defamation under Minnesota's defamation law and the anti-SLAPP statute. We affirm.

## FACTS

Appellant Willie J. Bridgeforth, III lived in an apartment building owned by respondent Smith Strum Investment Co. d/b/a Winnetka Village Apartments. On or about October 2014, respondent's employees, the property manager, and assistant property manager (property managers), were contacted by a former tenant who claimed that appellant "committed an act of automobile vandalism" due to his use of cocaine. A few days later, the property managers were contacted by a then-current tenant who expressed concerns about appellant. They met with the tenant regarding text messages that appellant allegedly sent to the tenant's girlfriend about possession and use of cocaine, drug sales, and sex. The tenant also alleged that appellant showed him a stack of $100 bills, implying that the money came from the sale of illegal drugs. Based on this information, a property manager spoke with an officer from the Crystal Police Department regarding their concerns that appellant may be using, possessing, and selling illegal drugs within the apartment complex.

Consequently, the Crystal Police Department conducted a dog sniff, obtained a search warrant, and searched appellant's apartment. During the search, the officers obtained a white powdery substance that field-tested positive for cocaine. Appellant was arrested. It was later determined that the white powdery substance did not contain a controlled substance and the charges against appellant were dismissed. Appellant filed a complaint alleging that respondent's employees made false and defamatory statements regarding appellant to the Crystal Police. The parties filed cross motions for summary judgment. At the hearing, respondent submitted affidavits from the officer and both

property managers. The district court granted respondent's motion and denied appellant's motion. This appeal follows.

## D E C I S I O N

### I. Defamation and the qualified privilege

We construe appellant's argument in his informal brief to be that the district court erred in denying his motion for summary judgment on his defamation claim. In addition, appellant argues that the district court erred by granting summary judgment in favor of respondent because respondent made defamatory statements about appellant, and even if respondent is entitled to invoke the qualified privilege for making defamatory statements, it abused that privilege by acting with actual malice to injure appellant. We disagree.

"We review a district court's grant [or denial] of summary judgment de novo to determine whether any genuine issue of material fact exists and whether the district court erred in applying the law." Minn. R. Civ. P. 56.03; *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). At the summary-judgment stage, this court views the evidence in the light most favorable to the nonmoving party and resolves all doubts and factual inferences against the moving party. *Rochester City Lines, Co. v. City of Rochester*, 868 N.W.2d 655, 661 (Minn. 2015). "The district court's function on a motion for summary judgment is not to decide issues of fact, but solely to determine whether genuine factual issues exist." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 70 (Minn. 1997).

Under Minnesota law, a statement is actionable in defamation if it is false, is communicated to a third party, and tends to harm the plaintiff's reputation or to lower

3

that person in the estimation of the community. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980). But a "person who makes a defamatory statement is not liable if a qualified privilege applies and the privilege is not abused." *Kuelbs v. Williams*, 609 N.W.2d 10, 16 (Minn. App. 2000), *review denied* (Minn. June 27, 2000). The qualified privilege protects a defamatory statement when it is "made in good faith, on a proper occasion, from a proper motive, and based on reasonable or probable cause." *Id.* In other words, the qualified privilege applies if the statement is not made with malice. *Id.* It is appellant's burden to prove that the qualified privilege "was abused because the statements were made with malice," defined as "actual ill-will or a design causelessly and wantonly to injure [appellant]." *Id.* Malice is not implied from the statement alone or based on the fact that the statement was in fact false. *Id.* "Although malice is generally a question of fact, summary judgment is appropriate if the plaintiff fails to raise a genuine issue of material fact regarding malice." *Id.*

Turning first to the denial of appellant's summary-judgment motion, appellant argues that the district court erred in determining that respondent was entitled to the qualified privilege.[1] Specifically, appellant argues that respondent abused the privilege by making false statements to the police in bad faith and with actual malice. We are not persuaded.

---

[1] The district court did not determine whether respondent defamed appellant. Rather, the district court focused on whether the qualified privilege applied and whether the privilege was abused because the statements were made with malice.

Appellant apparently asserts that respondent did not act in good faith by failing to verify and prove the existence of the tenants or produce direct evidence of their complaints and that this amounted to abuse of the privilege. More specifically he asserts:

> Who is and where is the former tenant that thought it was [appellant] that committed the act due to 'coke'. . . . Where is the documentation of this meeting . . . to validate . . . **that in fact the meeting did take place**? . . . Where are the copies of the alleged multiple text messages in order for the [district court] **to view the context of the messages and determine** for itself that they had indeed been sent by [appellant]?

But mere assertions that respondent's affidavits are unsupported are not sufficient to defeat a summary-judgment motion. *See Ill. Farmers Ins. Co. v. Marvin*, 707 N.W.2d 747, 750 (Minn. App. 2006).

Next we turn to appellant's challenge to the district court granting respondent's summary-judgment motion. He asserts that respondent's statements were false and misleading because the evidence obtained did not lead to illegal drugs. Therefore, appellant appears to argue, the basis of the statements, i.e., the information provided by the property managers, must have been false. But just because drugs were not found does not support the proposition that the information provided was false. *See State v. Holiday*, 749 N.W.2d 833, 840-843 (Minn. App. 2008) (holding that the informant's tip regarding drug activity was sufficiently reliable despite an unsuccessful controlled-drug buy). Furthermore, we review the available facts at the time of the search, not after the fact. *State v. Crook*, 485 N.W.2d 726, 729 (Minn. App. 1992), *review denied* (Minn. Aug. 4, 1992). Even viewing the evidence in the light most favorable to appellant, he has failed

to show that an issue of material fact exists regarding lack of good faith and that the district court erred in granting respondent summary judgment.

Last, appellant argues that the district court erred by making credibility determinations. But, a careful review of the district court order does not support appellant's argument that credibility determinations were made.

## II.     Minnesota anti-SLAPP Statutes, Minn. Stat. §§ 554.01-.06 (2014)

Appellant next argues that, because respondent's statements made to the officer were false and could not be substantiated, they did not meet the requirements of Minn. Stat. § 554.02, .03.

Whether the anti-SLAPP statute applies is a legal question of statutory interpretation that we review de novo. *Middle-Snake-Tamarac Rivers Watershed Dist. v. Stengrim*, 784 N.W.2d 834, 840 (Minn. 2010). A strategic lawsuit against public participation, or SLAPP suit, is a lawsuit introduced either to prevent "citizens from exercising their political rights or to punish them for having done so." *Id.* at 838 (quotation omitted) (interpreting the anti-SLAPP statute). The anti-SLAPP statute is intended to shield "citizens and organizations from civil lawsuits for exercising their rights of public participation in government." *Id.* at 839 (quotation omitted).

"[T]he first step in evaluating an anti-SLAPP motion is to determine whether the party seeking dismissal under the anti-SLAPP statutes has made a threshold showing that the underlying claim materially relates to an act of the moving party that involves public participation." *Leiendecker v. Asian Women United of Minn.*, 848 N.W.2d 224, 229 (Minn. 2014) (quotation omitted), *as modified by* 855 N.W.2d 233 (Minn. 2014).

6

"[P]ublic participation," is defined as "speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action." Minn. Stat. § 554.01, subd. 6.

Appellant's claim is based on respondent's "'tip' to the Crystal Police Department that [appellant] was selling drugs. . . . based on false, secondhand information."[2] The statements made to the officer were aimed at procuring favorable government action, i.e., "prevent[ing] conduct by tenants deemed to be disorderly in violation of certain statutes or ordinances, which include the possession of controlled substances and possession or use of drug paraphernalia" and was therefore an act involving public participation. Appellant's claim materially relates to the statements made to the officer, so respondent has made the required threshold showing.[3]

Applying the statute to the facts in our case, the second step requires that we determine whether appellant:

> has produced clear and convincing evidence that . . . [respondent] is not entitled to immunity. Minn. Stat. § 554.02, subd. 2(3). [Appellant] . . . can so do by

---

[2] Appellant further asserts that respondent "committed acts of actual malice from ill will and improper motives . . . . by filing an eviction action against [appellant]" and also committed retaliatory acts against appellant. But these incidents occurred after the alleged defamatory statements. And the housing court issue is a separate matter and was not before the district court. As such, it is also not before this court.

[3] The Crystal City Code states, "It is the responsibility of the owner or licensee to prevent conduct by tenants or their guests on the licensed premises which is hereby deemed to be disorderly in violation of any of the following statutes or ordinances….(d) Section 930 of this code (drug abuse and control) or laws relating to the possession of controlled substances, unlawful sale or possession of small amounts of marijuana, and possession or use of drug paraphernalia as defined in M.S. §§ 152.01 et seq." City of Crystal, Minn., City Code § 425.21, subd. 1(d) (2012).

> establishing that . . . [1][respondent's] conduct or speech was not aimed in whole or in part at procuring favorable government action, [2] that the conduct or speech constituted a tort, or [3] that the conduct or speech violated another's constitutional rights.

Minn. Stat. § 554.03; *see Leiendecker*, 848 N.W.2d at 229. Appellant argues that his "fourth amendment constitutional right to be free from unreasonable government intrusion" was violated *by the Crystal Police*.[4] (Emphasis added.) However, he makes no legal argument that respondent's conduct or speech violated his constitutional rights. Therefore, his argument is misguided. In addition, appellant failed to raise his constitutional challenge before the district court. We do not consider issues not raised to the district court. *Thiele*, 425 N.W.2d at 582 (Minn. 1988). Thus, appellant has waived this argument. Even if we were to consider appellant's arguments, we agree with the district court that appellant failed to establish that respondent's report to police constituted a tort or violated appellant's constitutional rights.

**Affirmed.**

---

[4] Appellant makes additional arguments that the dog sniff, the search warrant itself, the execution of the search warrant, and anything recovered from the search were also illegal and ultimately attributable to respondent. These claims were also not raised at the district court and have been similarly waived. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). The record reflects that appellant has a separate lawsuit involving Crystal police. We note that many of appellant's arguments on this issue cite U.S. and federal caselaw heavily and not Minnesota caselaw.